**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

```
DENNIS SUMMERVILLE,              )
                                 )
          Petitioner             )
                                 )
               v.                )     No. 3:07cv0358
                                 )
TERRY ROYAL,                     )
                                 )
          Respondent.            )
```

**OPINION AND ORDER**

Petitioner Dennis Summerville submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time in a prison disciplinary hearing. The respondent has filed a response to the order to show cause and the administrative record. The petitioner has not filed a traverse. For the reasons set forth below, the court **DENIES** this petition and the Clerk is **ORDERED** to **DISMISS** the petition.


BACKGROUND

On April 13, 2007, a disciplinary hearing board ("DHB") at the Chain O'Lakes Correctional Facility found the petitioner guilty of engaging in sexual acts with another or making sexual proposals, gestures, or threats, demoted him to a lower credit time earning classification, and  imposed a loss of ninety days of earned credit time. He appealed unsuccessfully to the Superintendent and the final reviewing authority.

DISCUSSION

The petitioner presents four grounds in his petition. The first ground deals with sufficiency of the evidence, the other three deal with requests for a witness and physical evidence. The respondent asserts that the petitioner procedurally defaulted all of the grounds except sufficiency of the evidence because he did not present them in his administrative appeal.

Before a habeas petitioner may present his claims to this court, he must have exhausted the issues he presents in his petition, as required by 28 U.S.C. § 2254(b)(1)(A). That statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State."

Failure to exhaust available state court remedies constitutes a procedural default. *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before seeking federal review of these claims. *O'Sullivan v. Boerckel*, 526 U.S. 383, 844 (1999).

The principles of exhaustion of available state remedies and procedural default apply to prison disciplinary hearings. *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). Failure to raise an issue on appeal to the Indiana Department of Correction's final reviewing

authority is a waiver of the claim. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002).

Summerville admits in his petition that he did not present grounds two, three, and four in his administrative appeal. Accordingly, he has not exhausted his administrative remedies on these issues, and he may not present them in this petition. *Markham*, 978 F.2d at 994-95; *Eads*, 280 F.3d at 729.

The petitioner has exhausted his administrative remedies on his sufficiency of the evidence claim. Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

Summerville asserts that there was insufficient evidence to find him guilty of the charge against him. He further states that the letter he wrote to the nurse he was accused of engaging in a

sexual act with and proposing further acts "did not contain any sexual language, sexual proposal, gestures, or threat." (Petition at p. 1).

The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. at 455.   This standard "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id*. at 457. In the appropriate circumstances, such as where the conduct report's author was an eyewitness to the events, the conduct report alone may be sufficient evidence to support a finding of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

The DHB's written statement of facts relied on establishes the evidence that underlay its decision — the investigation report and the fact that Summerville admitted writing the letter to the former employee that prompted the investigation and conduct report. The respondent submitted the report of investigation, which includes the letter written by the petitioner to the former Chain o' Lakes nurse. These documents support the DHB's finding that Summerville engaged in sexual acts with another and/or made sexual proposals.

4

Accordingly, there is "some evidence," to support the DHB's finding of guilt, and a reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. at 457.


CONCLUSION

For the foregoing reasons, the court the court **DENIES** this petition.


DATED: May 22, 2008          /S/RUDY LOZANO, Judge
                             United States District Court

5